IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| XING LIN HE | * | CIVIL ACTION NO. 05-1912 |
| VERSUS | * | JUDGE JAMES |
| ALBERTO GONZALES, ET AL | * | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2241) filed by *pro se* petitioner Xing Lin He on November 3, 2005. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE).

Petitioner is a native and citizen of The Peoples Republic of China. He entered the United States in 1990. His requests for asylum were denied and his removal ordered in 1998. His final appeal was denied in 2002 and he was taken into custody pending removal on February 7, 2005.

Petitioner contends that this continued custody violates the provisions of 8 U.S.C. §1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). *Zadvydas* held that § 1231(a)(6) limits "an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and thus does not authorize the indefinite detention of an alien pending removal from the United States. *Id.* at 689.

The Government responded to Petitioner's writ of *habeas corpus* on February 3, 2006

(Doc. #8). The Government stated that the ICE Atlanta Field Office had determined that Petitioner should be released on supervision while efforts to obtain a travel document continued. Petitioner was to be transferred from the Tensas Parish Detention Center to Atlanta during the week of February 6, 2006, to begin the processing of his release. The Government stated that this Court would be updated with documentary evidence demonstrating Petitioner's release. As of April 12, 2006, this Court has received no updates as to Petitioner's status.

**IT IS HEREBY ORDERED** that the Government submit documentary evidence of Petitioner's release or an explanation as to why Petitioner remains in ICE custody. The Government's response is due by **April 26, 2006.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 12th day of April, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE