# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| XING LIN HE | * | CIVIL ACTION NO. 05-1912 |
| VERSUS | * | JUDGE JAMES |
| ALBERTO GONZALES, ET AL | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. #1) filed by Petitioner, Xing Lin He ("He"), on November 3, 2005. For reasons stated below, it is recommended that He's petition be **DISMISSED WITHOUT PREJUDICE** as moot.

## BACKGROUND

Petitioner is a native and citizen of The Peoples Republic of China. He entered the United States in 1990. His requests for asylum were denied and his removal ordered in 1998. His final appeal was denied in 2002 and he was taken into custody pending removal on February 7, 2005.

Petitioner's sole contention in this suit is that his continued custody violates the provisions of 8 U.S.C. §1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). *Zadvydas* held that § 1231(a)(6) limits "an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and thus does not authorize the indefinite detention of an alien pending removal from the United States. *Id.* at 689.

The Government responded (Doc. #11) on April 26, 2006 with documentation showing that He had been released from ICE custody on supervision on February 8, 2006.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. *Zadvydas* held that § 1231(a)(6) limits "an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and thus does not authorize the indefinite detention of an alien pending removal from the United States. *Id.* at 689.

"A controversy becomes moot where, as a result of intervening circumstances, there are no longer adverse parties with sufficient legal interest to maintain the litigation. ... A controversy can also become moot when the parties lack a legally cognizable interest in the outcome." *Chevron, U.S.A., Inc. v. Traillour Oil Co.,* 987 F.2d 1138, 1153 (5th Cir. 1993) (internal citations omitted). "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Barthalow (In re Goldin)*, 166 F.3d 710, 717 (5th Cir. 1999).

Since the Petitioner has been released from ICE custody, his petition for *habeas* relief under *Zadvydas* is moot. Accordingly, **IT IS RECOMMENDED** that He's Petition for Writ of *Habeas Corpus* (Doc. #1) be **DISMISSED WITHOUT PREJUDICE** as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 1st day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE